STEINMAN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. STREET RAILWAYS—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.
    Where one driving a wagon, when four feet from a street railway track, saw a car approaching on the farther track at the distance of a short block, there being only one house in the block, and he attempted to cross and was struck by the car, he was guilty of contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ignatz Steinman against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Arthur K. Wing and Wm. E. Weaver, for appellant.
Sel. De Young, for respondent.

GILDERSLEEVE, J. The action is for injuries sustained by plaintiff's horse by reason of a collision with defendant's car. The justice gave judgment for plaintiff in the sum of $225 damages and costs. Defendant appeals. From the plaintiff's own evidence it appears that at about 4:40 p. m., on August 30, 1902, he drove his horse and wagon down Fifth avenue to Twenty-Fourth street, and then west on Twenty-Fourth street, intending to cross defendant's tracks on Broadway, in order to go to the foot of West Twenty-Fourth street. When he was about four feet east of the easterly track he looked south, and saw no car, and then looked north, and saw a car at the south corner of Twenty-Fifth street and Broadway. He then proceeded to cross the track. He had crossed the easterly track in safety, but when his horse began to cross the westerly track, and

had got his front legs on said westerly track, the south-bound car struck the horse, and caused the injury for which plaintiff seeks to recover. The horse was struck on the front leg and on the right side by the car, being first struck on the front leg, which shock swung him around, and thus exposed his right side to the car. Plaintiff, on cross-examination, testifies as follows, viz.: "Q. The horse went only that short distance (4 feet), while the car was coming a whole block? A. Yes, sir; the block is very short. That is the shortest block I ever saw, that Broadway block; it is only one house." The plaintiff called no witnesses to corroborate his account of the accident, while the defendant called three—the motorman, the conductor, and a tailor named Nordberg, who was a passenger on the car. But from plaintiff's own statement it appears that he drove at a good trot down Fifth avenue to Twenty-Fourth street; that on approaching Broadway, and while four feet east of the easterly track, he saw a south-bound car already at the crossing of Twenty-Fifth street, which he states was a very short block away—"only one house"; that the car was approaching rapidly, and yet he deliberately crossed the easterly track, and then attempted to cross the westerly track, apparently without paying any further attention to this rapidly approaching car. He miscalculated his chances of getting across before the car reached him. It does not appear that he made a signal to the motorman that he was about to cross, but even if he did, and the motorman was guilty of negligence, it still appears from plaintiff's own statement that his own negligence contributed to the accident.

We are of opinion that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.